Hugh S. Coyle, J.
This is an appeal from two convictions had in the Court of Special Sessions of the Village of North Tarry-town. The defendant, a tavern keeper was charged with the violation of a village ordinance adopted September 20, 1949, which seeks to regulate and license lawful amusement devices, including ‘ ‘ pinball, bagatelle, or other mechanically and manually operated amusements ’ ’.
The violations complained of are that the defendant as owner in the one instance and as proprietor of the premises in the other, unlawfully kept, maintained, used and exhibited a mechanical and manually operated amusement device known as a ‘‘ shuffle board ” on the premises known as No. 42 Clinton Street, in said village, without a license as is required under the ordinance.
The defendant was brought before the Village Justice and advised of his rights and thereupon plead guilty and was fined $100 on the first charge and $25 on the second. He was not represented by counsel at the hearing or at the time of the plea.
The ordinance provides “ Any person violating any provisions of this chapter shall be guilty of a misdemeanor ”. Thus a violation is made a crime by the terms of the ordinance. An application was made to the Court of Special Sessions by subsequently engaged counsel for the defendant for permission to withdraw the guilty pleas which application was denied. Thereupon the defendant has appealed to this court from the two judgments of conviction in the lower court.
The ordinance under which the defendant was convicted was adopted at a time when there was considerable concern in this *189 county over the operation of slot machines, pin ball and other possibly objectionable and unlawful games and machines.
This court, after a study of the ordinance, is of the opinion that it never was within the contemplation of the draftsman to include such a device or game as a shuffle board of the type admittedly owned, operated and maintained by the defendant. Although the shuffle board in question may be in part operated by mechanical means, it may on the other hand be completely played manually. The mechanical part of the operation is for keeping score only, and the game may be played without the scoring device in operation, and the score may be kept on a pad or elsewhere, or not at all.
The authority to license mechanically operated amusement devices is derived from subdivision 3 of section 91 of the Village Law, which section was amended (L. 1950, ch. 665) to authorize the board of trustees of a village to prohibit the operation without a license of “ mechanically operated amusement devices.”
This court is of the opinion that the case at bar does not come within the purview of the provisions of the ordinance under which the defendant was convicted, and further that the village is without authority to compel the licensing of a shuffle board game such as the one in question under the power granted to it by the statute.
It is therefore the decision of this court that the judgments of conviction be reversed, both on the law and on the facts, that the informations be dismissed and that the fines be remitted to the defendant.
Submit order.